# United States District Court
# Northern District of Indiana

LLOYD BROWN,

    Plaintiff,

    v.

PAULA HARNER, et al.,

    Defendants.

Civil Action No. 1:15-CV-83 JVB

## OPINION AND ORDER

This matter is before the Court on Plaintiff Lloyd Brown's motion to proceed in forma pauperis (DE 2). The Court has screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and has determined that it fails to state claims under various civil rights statutes and that the Court lacks subject matter jurisdiction over one of Plaintiff's claims. Accordingly, his motion to proceed in forma pauperis will be denied and his complaint dismissed.

**A.    Plaintiff's Complaint**

Plaintiff has sued Paula Harner, whom he describes as the head boss at 9th Street Café in Marion, Indiana, and five Jane Does, described as waitresses there ("waitresses"). Plaintiff, a black man, alleges that on January 3, 2015, he went to the café to deliver car keys to his girlfriend, Penny Hix, a white woman. He was sitting with Hix in her car in the café parking lot when the waitresses came running toward the car, yelling at him using a racial epithet and calling him a drunk. When he got out of the car, the waitresses, all white women, threatened harm to him and wouldn't allow him to get back into the car. He walked to his home, a distance

of a few blocks. He then received a phone call from a Marion police officer telling him he was not in any trouble, but that the employees did not want him at the café. According to Plaintiff, the officer told him there were court orders in place to keep him off the café property, but, he alleges, no such orders exist.

Plaintiff further alleges that the employees of the café are all white women who routinely discriminate against blacks by serving them after whites are served. He maintains that their treatment of him is motivated by their disapproval of his relationship with a white woman. He claims he has been denied service at the café for this reason. He claims that Defendants have violated Title VI of the Civil Rights Act of 1964 as well as 42 U.S.C. §§ 1983 and 1985. He requests money damages and an order that the café hire blacks.

**B.     Discussion**

The Court has an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen a complaint before service on the defendants, and to dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Moreover, the Court has a duty to examine whether its has subject matter jurisdiction over the Plaintiff's claims.

Plaintiff asserts that Defendants have violated Title VI of the Civil Rights Act of 1964. Title VI, codified as 42 U.S.C. § 2000d, et. seq., prohibits discrimination on the basis of race, color, and national origin in programs and activities receiving federal financial assistance. Plaintiff has alleged no facts that would support such a claim. Accordingly his claims based on Title VI must be dismissed. Moreover, the Court finds that amendment to his complaint would

2

be futile. Plaintiff can allege no set of facts that would support a finding that the boss at a restaurant its waitresses constitute a program receiving federal financial assistance.

Plaintiff has also failed to state a claim under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that defendants deprived him of a federal right and that they acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Defendants are private individuals. The state action doctrine requires that when a plaintiff brings a § 1983 action against a defendant who is not a government official or employee he must show such a close connection between the State and the challenged action that the action of the private individual may be fairly treated as the action of the State itself. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822-23 (7th Cir. 2009). Plaintiff has alleged no facts to suggest any connection between Defendants' alleged name calling, chasing Plaintiff from the parking lot, or refusal of service at the café and any governmental entity. According, Plaintiff's complaint fails to state a claim under § 1983. The Court also finds that Plaintiff should not be granted leave to amend his § 1983 claim because it would be futile. The facts he alleges make it clear that defendants were acting as private citizens and not state actors.

Plaintiff may have been attempting to state a claim under Title II of the Civil Rights Act of 1964, 42 U.S.C. 2000a, et seq. Section 2000a declares that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination on the ground of race, color, religion, or national origin." Section 2000a-2 provides:

> No person shall (a) withhold, deny, or attempt to withhold or deny, or deprive or attempt to deprive any person of any right or privilege secured by section 2000a . . . of this title, or (b) intimidate, threaten, or coerce any person with the purpose of interfering with any right or privilege secured by section 2000a . . . of this title or

3

(c) punish or attempt to punish any person for exercising or attempting to exercise any right or privilege secured by section 2000a . . . of this title.

However, this section is of no avail to Plaintiff because the relief he requests—monetary damages and an order that the café hire blacks—is not available under it. Section 2000a-3(a) provides that an aggrieved person may institute a civil action for preventive relief, including an injunction. The Supreme Court has held that damages are not recoverable under Title II. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 401–2 (1968). Moreover, nothing in the language of § 2000a-3(a) or the case law suggests that a court may order the hiring of blacks as a remedy for denying a person service in violation of Title II.

Furthermore, Plaintiff has not alleged in his complaint that he has complied with 42 U.S.C. § 2000a-3(c). That section provides:

> In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice . . . no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person . . ..

Indiana has a state authority authorized to grant or seek from relief from discrimination. Indiana Code § 22-9-1-2 provides in part:

> (a) It is the public policy of the state to provide all of its citizens equal opportunity for education, employment, access to public conveniences and accommodations, and acquisition through purchase or rental of real property, including but not limited to housing, and to eliminate segregation or separation based solely on race, religion, color, sex, disability, national origin, or ancestry, since such segregation is an impediment to equal opportunity. Equal education and employment opportunities and equal access to and use of public accommodations and equal opportunity for acquisition of real property are hereby declared to be civil rights.
>
> (b) The practice of denying these rights to properly qualified persons by reason of

the race, religion, color, sex, disability, national origin, or ancestry of such person is contrary to the principles of freedom and equality of opportunity and is a burden to the objectives of the public policy of this state and shall be considered as discriminatory practices. The promotion of equal opportunity without regard to race, religion, color, sex, disability, national origin, or ancestry through reasonable methods is the purpose of this chapter.

Indiana Code § 22-9-1-4 establishes the Indiana Civil Rights Commission. Under Indiana Code § 22-9-1-6, the Commission is empowered to receive and investigate complaints alleging discriminatory practices and to issues cease and desist orders to any person it finds has engaged in an unlawful discriminatory practice.

The Seventh Circuit Court of Appeals has held that the notice requirements of 42 U.S.C. § 2000a-3(c) are jurisdictional: unless they are met, a federal court does not have the power to decide the dispute. *Stearnes v. Baur's Opera House Inc.*, 3 F.3d 1142,1145 (7th Cir. 1993). Plaintiff has not alleged that he has notified the Indiana Civil Rights Commission of the discriminatory practices he describes in his complaint before filing suit. Accordingly, this Court lacks subject matter jurisdiction over any claim under Title II of the Civil Rights Act of 1964.

Finally, Plaintiff claims defendants violated 42 U.S.C. § 1985. The only provision of § 1985 that might apply here is § 1985(3)[1] which provides:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws, or of equal privileges and immunities under the laws . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such

---

[1] § 1985(1) concerns preventing an officer from performing his duties and § 1985(2) concerns obstructing justice and intimidating a party, witness, or juror.

injury or deprivation, against any one or more of the conspirators.

The question becomes whether an alleged violation of Title II of the Civil Rights Act of 1964 can be the basis for a suit for damages under § 1985(3). The Court holds that it cannot. Title 42 U.S.C. § 2000a-6(b) provides that the remedies afforded by the public accommodations subchapter of the Civil Rights Act of 1964 (42 U.S.C. Chapter 21, Subchapter II, which encompasses 42 U.S.C. §§ 2000a–2000a-6), "are the exclusive means of enforcing the rights based on this subchapter." Thus, Plaintiff does not have a remedy under § 1985(3). The Court also finds that this defect cannot be cured by amending his complaint.

**C.     Conclusion**

Because Plaintiff fails to state claims upon which relief can be granted as to claims under Title VI of the Civil Rights Act of 1964, and 42 U.S.C. §§ 1983 and 1985, and the defects cannot be cured by amendment, these claims are dismissed with prejudice. Plaintiff's claim under Title II of the Civil Rights Act of 1964 is dismissed for lack of subject matter jurisdiction, without prejudice. The Court DENIES Plaintiff's motion to proceed in forma pauperis.

SO ORDERED on May 13, 2015.

s/ Joseph S. Van Bokkelen<br>
Joseph S. Van Bokkelen<br>
United States District Judge<br>
Hammond Division